**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| J & L MANAGEMENT CORPORATION OF OHIO, an Ohio corporation,  )<br>)<br>Plaintiff,                                        )<br>)<br>v.                                                )<br>)<br>BARAT WOODS, L.L.C., an Illinois limited )<br>liability company, BULLEY & ANDREWS, L.L.C. )<br>an Illinois limited liability company, HARRIS )<br>N.A., a Delaware corporation, and          )<br>UNKNOWN OWNERS, TRUSTEES,          )<br>LENDERS, & LIEN CLAIMANTS,           )<br>)<br>Defendants.                                    ) | No.   08 CV 2016<br><br>Judge Joan Humphrey Lefkow<br>Magistrate Judge Brown |

**J & L MANAGEMENT CORPORATION OF OHIO'S MOTION TO RECONSIDER
AND VACATE THIS COURT'S ORDER OF MAY 16, 2008 EXTENDING TIME TO
ANSWER OR OTHERWISE PLEAD**

Plaintiff, J & L MANAGEMENT CORPORATION OF OHIO, by its attorneys, DAVID A. AXELROD and ROBERT A. COHEN, for its Motion To Reconsider and Vacate This Court's Order of May 16, 2008 Extending Time To Answer Or Otherwise Plead, states as follows:

**STATEMENT OF FACTS**

1. This is an action to foreclose on a mechanic's lien in the amount of Two Hundred Forty-Three Thousand, Seven Hundred Eighty-Eight and 68/100 ($243,788.68) dollars plus interest, costs and attorneys' fees incurred by J & L Management Corporation Of Ohio ("Plaintiff") in bringing a claim to enforce its lien and collect said debt.

2. Plaintiff is a demolition subcontractor with respect to a certain project located in the City of Lake Forest, Lake County, Illinois.  Defendant Bulley & Andrews, LLC ("Bulley")

was the general contractor. Defendant Barat Woods, LLC ("Barat") is the owner. This dispute arises out of the sum referenced above for unpaid work.

3. Beginning shortly after the time counsel for Barat appeared, counsel for Bulley contacted counsel for Plaintiff and proposed a partial settlement toward delaying progress on the case so that the parties could negotiate. After some time, Plaintiff was able to confirm that Barat was in agreement with the approach suggested by Bulley.

4. Plaintiff did not agree, and never has agreed, with the partial settlement proposal offered by Bulley and Barat. Rather, Plaintiff made a counter offer. In the intervening time, Bulley filed its Motion for Extension of Time.

5. Plaintiff attempted on several occasions to secure a response to its counter offer. Having failed to do so, Plaintiff advised Bulley that it would oppose Bulley's Motion if there was no response to Plaintiff's counter offer. Plaintiff made contact with Barat and stated the same. Barat stated that it was meeting with Bulley on May 9, 2008, and promised to respond to Plaintiff on Monday, May 12, 2008. Barat did not do so. Subsequent efforts to reach counsel for Barat were unsuccessful.

6. This Court granted Bulley's Motion without a hearing on May 16, 2008.

## ARGUMENT

7. Federal Rules of Civil Procedure, R. 60(b)(6) sets forth a general basis for relief from a judgment or order: "any other reason that justifies relief." Relief is justified in this case because Bulley's Motion left this Court with the erroneous impression that the parties were engaged in productive negotiations, and because Plaintiff did have an opportunity to appear before this Court and explain the true situation. That situation is that Bulley and Barat delayed the process of negotiation via promises that were never kept and by inaction, delaying just long

enough to ensure that they received the relief for which they were bargaining without giving up anything in return.

8. In retrospect, Plaintiff recognizes that it should have filed a written opposition. Part of the reason why Plaintiff did not do so stems from out of town travel. Candidly, Plaintiff also assumed that this Court would require a personal appearance in light of the length of the requested extension of time. Plaintiff apologizes to this Court for making this assumption. Having said that, Defendants should not be rewarded for taking advantage of the negotiation process.

9. Both Defendants knew that Plaintiff intended to oppose its Motion if Plaintiff did not receive a response to its counter offer. Plaintiff advised both Defendants that it intended to move forward aggressively if the parties could not reach an interim resolution.

10. Plaintiff does not wish to wait until July 18, 2008 to begin the pleading process. Plaintiff intends to exercise its full rights in this matter as soon as possible.

11. Barat is not a beneficiary of Bulley's Motion and must answer or otherwise plead by May 27, 2008. For the reasons stated above, Barat's deadline should not be extended.

12. Bulley's time to answer or otherwise plead should be set for the same day, May 27, 2008.

13. Plaintiff respectfully requests that this Court set a new status at its earliest convenience.

WHEREFORE, Plaintiff, J & L MANAGEMENT CORPORATION OF OHIO, prays that this Court issue an Order requiring:

    A. Vacature of this Court's May 16, 2008 Order;

    B. That Bulley & Andrews answer or otherwise plead on or before May 27, 2008;

   C. That Barat Woods, LLC answer on May 27, 2008 as per this Court's May 6, 2008 Order;

   D. Alternatively, that this Court set a single date certain for both Defendants to answer or otherwise plead;

   E. That this Court set a status at its earliest convenience; and

   F. That there be such other and further relief as this Court deems just and proper.

             J & L MANAGEMENT CORPORATION
             OF OHIO


           By: /s/ Robert A. Cohen
             One of Its Attorneys

David A. Axelrod
Robert A. Cohen
David A. Axelrod & Associates, P.C.
20 S. Clark Street, Suite 2200
Chicago, Illinois 60603
(312) 782-4600