# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| J & L MANAGEMENT CORPORATION OF OHIO, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 08 C 2016 ) |
| BARAT WOODS, LLC, et al., | ) Judge Lefkow ) |
| Defendants. | ) |

**DEFENDANT BARAT WOODS, LLC's**
**ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT**

NOW COMES Barat Woods, LLC, by and through its attorneys, and for its response to the Verified Complaint states as follows:

## GENERAL ALLEGATIONS

1. This is an action to foreclose on a Mechanic's Lien in the amount of Two Hundred Forty-Three Thousand, Seven Hundred Eighty-Eight and 68/100 ($243,788.68) dollars plus interest, costs and attorneys' fees incurred by J & L MANAGEMENT CORPORATION OF OHIO ("Plaintiff') in bringing a claim to enforce its lien and collect said debt.

**ANSWER:**   Admit.

### The Parties

2. Plaintiff is a corporation organized under the laws of Ohio, with its principal place of business in Michigan, and as such is a citizen of the states of Ohio and Michigan. At all relevant times, Plaintiff was engaged in business as a demolition subcontractor and was qualified to do business in the State of Illinois.

**ANSWER:**   Admit.

3. Upon information and belief, Bulley & Andrews, L.L.C. ("General Contractor") is a limited liability company organized under the laws of Illinois with its principal place of business in Chicago, Illinois, and as such is a citizen of the state of Illinois. At all relevant times, the General Contractor was engaged in business as general contractor.

**ANSWER:**   Admit.

4. Upon information and belief, Defendant Barat Woods, L.L.C. ("Owner"), is a

limited liability company organized under the laws of Illinois with its principal place of business in Lake Forest, Illinois, and as such is a citizen of the state of Illinois. Barat Woods is the owner of certain real property located in Lake Forest, Illinois, commonly known as the former Barat College site, 700 Westleigh Road, PIN No. 16-04-200-008, ("Premises") and legally described as shown in Exhibit A hereto.

**ANSWER:** Admit first sentence. Admit that Barat Woods, LLC either owns or controls a land trust which owns the property in dispute.

5. On information and belief, in or about January 2006, Owner entered into a mortgage agreement with Defendant Harris N.A. encumbering the Premises. Harris N.A., on the referenced date and subsequent thereto, had an interest in the Premises, whether as a mortgagee or otherwise. On information and belief, Harris NA. is a national bank operating as a foreign corporation or other entity organized under the laws of Delaware. The remaining Defendants have or claim to have some interest in the Premises as Lien Creditors, Contractors, Encumbrancers, Trustees, Purchasers, or otherwise, the nature of which is unknown to Plaintiff. Any such interest is subordinate and inferior to the rights of Plaintiff.

**ANSWER:** Admit.

## Jurisdiction And Venue

6. Jurisdiction is proper in this case pursuant to 28 U.S.C. 1332, in that the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**ANSWER:** Admit.

7. Venue is proper pursuant to 28 U.S.C. Section 1391, in that the real property in question lies within the venue of this Court, many relevant acts and omissions concerning construction activities on the Premises also occurred within the venue of this Court, and at least one Defendant resides in this judicial district.

**ANSWER:** Admit.

## Background Facts

8. On or about June 1, 2007, the General Contractor entered into a written agreement ("Prime Contract") with the Owner for the demolition and construction work at the Premises. A true and correct copy of the Prime Contract is attached hereto as Exhibit B.

**ANSWER:** Admit.

9. On or about June 13, 2007, Plaintiff entered into a written contract with the General Contractor ("Subcontract") to perform the demolition work at the Premises called for in

the General Contractor Agreement. A true and correct copy of the Subcontract is attached hereto as Exhibit C.

  **ANSWER:** Admit.

  10. The Subcontract was for a fixed price of $857,900.00.

  **ANSWER:** Admit.

  11. At the special request of and with, on information and belief', the full knowledge and consent of the Owner, and at the request of the General Contractor, Plaintiff provided certain extra work that was an addition and part of the Subcontract for an agreed price of $14,000.00. This brought the total price under the Subcontract to $871,900.00.

  **ANSWER:** Admit.

  12. Plaintiff furnished all labor and material, as requested by the General Contractor, and otherwise fully performed all conditions of the Subcontract as of the date of termination.

  **ANSWER:** Deny.

  13. Pursuant to the Subcontract, Plaintiff was to, and did, furnish certain labor and material related to certain demolition and related work.

  **ANSWER:** Admit.

  14. The General Contractor knew that demolition services were not being provided gratuitously and were of value to it.

  **ANSWER:** Deny.

  15. On information and belief, the Owner knew of the Subcontract and gave its assent to the same. The Owner knew that demolition services were not being provided gratuitously and were of value to it and to the Premises.

  **ANSWER:** Admit.

  16. On October 26, 2007, prior to Plaintiff's final furnishing of labor and materials, the General Contractor unilaterally terminated and defaulted the agreement, thus preventing further performance and excusing non-performance of Plaintiff's work. Said termination by the General Contractor was in breach of the Subcontract terms.

  **ANSWER:** Deny.

  17. Plaintiff's substantial heavy equipment remained on the Premises until November 15, 2007, at which time the General Contractor ordered its removal.

**ANSWER:** Deny.

18. All of the material, fixtures, labor and services furnished by Plaintiff were delivered to, accepted for, and incorporated into the improvement of the Premises and constitute a permanent and valuable improvement thereof.

**ANSWER:** Deny.

19. By reason of said furnishing, and after allowing all lawful credits in the amount of $628,111.32, the sum of $243,788.68 is due Plaintiff.

**ANSWER:** Deny.

20. Plaintiff has made demand on General Contractor for payment of the above sum and General Contractor has failed to pay any part thereof.

**ANSWER:** Admit.

### COUNT II
### Mechanic's Lien Foreclosure Pursuant to Section 60128 of the Mechanic's Lien Act

1-20. Plaintiff J & L MANAGEMENT CORPORATION OF OHIO incorporates by reference herein Paragraphs 1 - 20 of the General Allegations in their entirety as Paragraphs 1 - 20 of this Count I.

**ANSWER:** Defendant Barat Woods, LLC realleges and incorporates by this reference paragraphs 1 through 20 from this Answer as paragraphs 1 through 20 as if the same were set forth in full, word for word.

21. On information and belief, the Owner knew of the Subcontract and gave its assent to the same. The Owner knew that demolition services were not being provided gratuitously and were of value to it and to the Premises.

**ANSWER:** Admit.

22. On information and belief, the Owner owes the General Contractor additional consideration with respect to the construction and demolition work at the Premises. On information and belief, the General Contractor is holding funds or other consideration paid to it by the Owner with respect to the construction and demolition work at the Premises.

**ANSWER:** Admit first sentence, deny the balance of the allegations.

23. On January 24, 2008, within 90 days of its date of final furnishing, Plaintiff filed

its Notice and Claim for Mechanic's Lien on Defendants. A true and correct copy of the Notice and Claim for Mechanic's Lien is attached hereto as Exhibit D and incorporated herein by reference.

**ANSWER:** Admit that the mechanics lien was filed, deny the balance of the allegations.

24. On January 30, 2008, within four (4) months of its date of final furnishing, Plaintiff caused its Notice and Claim for Mechanic's Lien to be filed for record in the office of the Lake County Recorder of Deeds, Illinois as Document No. 6299437.

**ANSWER:** Admit that a lien was filed in the recorder of deeds, deny the balance of the allegations.

25. Contemporaneously with the filing of this Complaint, Plaintiff caused a Lis Pendens Notice to be recorded in the Lake County Recorder of Deeds, Illinois.

**ANSWER:** Admit.

26. The Defendants each may have or claim to have some interest in the Premises.

**ANSWER:** This defendant cannot respond to allegations made against other Defendants.

27. In addition to those persons and entities designated by name herein, there may be other persons or entities who may have, or claim to have, an interest in this action who may have or may claim some right, title, interest or lien in, to, or upon the Premises. The name of each such other person or entity is unknown to Plaintiff and, upon diligent inquiry, cannot be ascertained. All such other persons or entities are made party defendants to this action by the name and description of Unknown Owners, Trustees, Lenders, and Lien Claimants.

**ANSWER:** Admit.

28. The Illinois Mechanics Lien Act (770 ILCS 6011 et seq.) provides for recovery by the Plaintiff of interest, costs and reasonable attorneys' fees as the General Contractor failed to pay the amount of the Contract due Plaintiff without just cause or right.

**ANSWER:** Admit the existence of said statute, deny the balance of the allegations.

**WHEREFORE**, Barat Woods, LLC prays that the court hold against the Plaintiff and that it recover its costs.

## COUNT II
## BREACH OF CONTRACT
### (Against Bulley & Andrews, L.L.C.)

1-20.　Plaintiff J & L MANAGEMENT CORPORATION OF OHIO incorporates by reference herein Paragraphs 1 - 20 of the General Allegations in their entirety as Paragraphs 1 - 20 of this Count II.

**ANSWER:**　Count II is brought against Bulley & Andrews, LLC and this Defendant makes no answer to Count II.

21.　Plaintiff has complied with all of its obligations under the Subcontract.

**ANSWER:**　Count II is brought against Bulley & Andrews, LLC and this Defendant makes no answer to Count II.

22.　By its failure to pay for the services rendered and material provided pursuant to the Subcontract, the General Contractor has breached the Subcontract.

**ANSWER:**　Count II is brought against Bulley & Andrews, LLC and this Defendant makes no answer to Count II.

23.　Plaintiff has been damaged by reason of the General Contractor's breach of contract in the sum of $243,788.68.

**ANSWER:**　Count II is brought against Bulley & Andrews, LLC and this Defendant makes no answer to Count II.

24.　The General Contractor's failure to pay Plaintiff is unreasonable and vexatious, and the amount due is a sum certain ascertainable from the Subcontract.

**ANSWER:**　Count II is brought against Bulley & Andrews, LLC and this Defendant makes no answer to Count II.

## COUNT III
## UNJUST ENRICHMENT
### (Against Bulky & Andrews, L.L.C. and Barat Woods, L.L.C.)
### (In the Alternative to Counts I and II)

1-20.　Plaintiff J & L MANAGEMENT CORPORATION OF OHIO incorporates by reference herein Paragraphs 1-20 of the General Allegations in their entirety as Paragraphs 1-20

of this Count III.

**ANSWER:**    Defendant Barat Woods, LLC realleges and incorporates by this reference paragraphs 1 through 20 from this Answer as paragraphs 1 through 20 as if the same were set forth in full, word for word.

21.    The labor, materials, equipment and/or services provided by Plaintiff on the Property and at the specific request of the General Contractor constitute permanent and valuable improvement thereof and thereto.

**ANSWER:**    Admit.

22.    The reasonable value of the labor, materials, equipment and/or services provided by Plaintiff is $243,788.68.

**ANSWER:**    Deny.

23.    The General Contractor and Owner knew that the Plaintiff provided the labor, materials, equipment and/or services with the expectation of being compensated therefore. The price to be paid by the General Contractor in consideration of the Plaintiff providing labor, materials, equipment and/or services was fully disclosed. On information and belief, the Owner was aware that the General Contractor retained subcontractors and that those subcontractors expected to be paid for labor, material and services that benefited the Property.

**ANSWER:**    The owner cannot answer for the general contractor, but answering for itself, admit.

24.    The General Contractor has withheld payment wrongfully and without excuse for the services Plaintiff has performed. The Owner has not paid Plaintiff in the General Contractor's stead and wrongfully has not compelled the General Contractor to do so. It would be inequitable, and the General Contractor and Owner would be unjustly enriched, if the General Contractor and Owner were permitted to retain the benefits of Plaintiff's provisions of the labor, materials, equipment and/or services without paying the fair value thereof.

**ANSWER:**    Denies the allegations of wrongdoing on its part.

25.    As a direct and proximate result of the labor, materials, equipment and/or services provided thereby, Plaintiff has suffered a detriment in the amount of $243,788.68.

**ANSWER:**    Deny.

**WHEREFORE**, Barat Woods, LLC prays that the court hold against the Plaintiff and

that it recover its costs.

## COUNT IV
## QUANTUM MERUIT
## (Against Bulley & Andrews, L.L.C.)
## (In the Alternative to Counts I and II)

1-20. Plaintiff J & L MANAGEMENT CORPORATION OF OHIO incorporates by reference herein Paragraphs I - 20 of the General Allegations in their entirety as Paragraphs 1 - 20 of this Count IV.

**ANSWER:** Count II is brought against Bulley & Andrews, LLC and this Defendant makes no answer to Count II.

21. The labor, materials, equipment and/or services provided by Plaintiff on the Property and at the specific request of the General Contractor constitute permanent and valuable improvement thereof and thereto.

**ANSWER:** Count II is brought against Bulley & Andrews, LLC and this Defendant makes no answer to Count II.

22. The reasonable value of the labor, materials, equipment and/or services provided by Plaintiff is $243,788.68.

**ANSWER:** Count II is brought against Bulley & Andrews, LLC and this Defendant makes no answer to Count II.

23. The General Contractor knew or should have known that the Plaintiff provided the labor, materials, equipment and/or services with the expectation of being compensated therefore.

**ANSWER:** Count II is brought against Bulley & Andrews, LLC and this Defendant makes no answer to Count II.

24. The General Contractor received benefits from the Plaintiff's provision of labor, materials, equipment and/or services.

**ANSWER:** Count II is brought against Bulley & Andrews, LLC and this Defendant makes no answer to Count II.

25. Plaintiff is entitled to be compensated for the reasonable value of provision of labor, materials, equipment and/or services by the General Contractor.

**ANSWER:** Count II is brought against Bulley & Andrews, LLC and this Defendant makes no answer to Count II.

BARAT WOODS, LLC,

By:     s/Donald L. Johnson
One of Its Attorneys

Donald L. Johnson (1342460)
Joseph T. Gentleman (6244501)
Julie A. Boynton (6224529)
33 North Dearborn Street
Suite 1401
Chicago, Illinois 60602
(312) 263-7000